COMMONWEALTH vs. GOBIN MAHADEO.

Middlesex.   January 7, 1986. — April 15, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Plea, Admission to sufficient facts to warrant a finding.
    *Alien.*

Determining that a criminal defendant's admission to sufficient facts for a
    finding of guilty in the jury-waived session of a District Court, accom-
    panied by a failure to appeal from a trial de novo, is the functional
    equivalent of a guilty plea for purposes of G. L. c. 278, § 29D, this
    court held that the judge's failure to advise the defendant that a criminal
    conviction may have an adverse impact on his immigration status required
    that the defendant's motion to vacate the finding of guilty be granted.
    [316-317]
On appeal from the denial of a criminal defendant's motion to vacate a
    finding of guilty on the ground that he had not been warned, as required
    by G. L. c. 278, § 29D, of the adverse effect a criminal conviction
    might have on his immigration status before he admitted to sufficient
    facts to warrant a finding of guilty, the burden was on the Commonwealth
    to demonstrate on the record that the warning had been given. [317-318]
A criminal defendant who, before pleading guilty, had not been warned of
    the adverse consequences a criminal conviction might have on his immi-
    gration status, as required by G. L. c. 278, § 29D, and who was thereafter
    scheduled for a deportation hearing, was not required to show that any
    of the consequences enumerated in the section actually resulted, or that,
    properly advised, he would have pleaded differently to the criminal
    charges, in order to have his motion to vacate the resulting judgment
    of conviction allowed. [318]

COMPLAINT received and sworn to in the Cambridge Division
of the District Court Department on September 1, 1983.

A motion to vacate a finding of guilty upon admission to
sufficient facts and to order a new trial was heard by *Arthur
Sherman,* J.

*Carole A. Z. Root* for the defendant.

*Natalea Skvir,* Assistant District Attorney (*Pamela Hunt,*
Assistant District Attorney, with her) for the Commonwealth.

LIACOS, J. The defendant, Gobin Mahadeo, a resident alien, was charged with possession of marihuana with intent to distribute, in violation of G. L. c. 94C, § 32C (1984 ed.). At his arraignment in the District Court on September 1, 1983, the defendant pleaded not guilty and waived his right to a first-instance jury trial. On October 5, 1983, the defendant admitted to sufficient facts to warrant a finding of guilty. See Mass. R. Crim. P. 12 (a) (3), 378 Mass. 866 (1979). He was sentenced to eighteen months in a house of correction, suspended for two years, and was fined a total of $500, which he paid. The defendant took no appeal for a trial de novo before a jury of six.

On December 31, 1984, the defendant filed a motion to vacate the finding of guilty and to order a new trial, together with a supporting affidavit. The defendant alleged that when he admitted to sufficient facts he was not informed as required by G. L. c. 278, § 29D (1984 ed.),[1] that, if he was not a United States citizen, his conviction might result in his deportation, exclusion from the United States, or denial of naturalization. The defendant further stated that as a result of his conviction he was scheduled for a deportation hearing. The motion judge denied the motion to vacate the judgment, concluding that "the proceeding under which the defendant was found guilty is not governed by G. L. c. 278, § 29D." The defendant filed timely notice of appeal from the judge's order.

---

[1] General Laws c. 278, § 29D, reads in its entirety: "The Court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the Court advises him of the following: 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.' The defendant shall not be required at the time of the plea to disclose his or her legal status in the United States to the court.

"If the Court fails so to advise the defendant, and he later at any time shows that his plea and conviction may have one of the enumerated consequences, the Court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of 'not guilty.' Absent a record that the Court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement."

We transferred the case from the Appeals Court on our own motion. We reverse.

The Commonwealth argues in support of the motion judge's order that G. L. c. 278, § 29D, by its clear language, is applicable only when a defendant pleads guilty or nolo contendere to a criminal charge. The Commonwealth further asserts that the Legislature intended to exclude admissions of sufficient facts at the jury-waived session of the District Courts from coverage by G. L. c. 278, § 29D, because, unlike pleas of guilty or nolo contendere, such admissions preserve a defendant's right to appeal for a trial de novo on the merits.

We agree that G. L. c. 278, § 29D, does not expressly govern admissions to sufficient facts, which technically are not pleas at all. See K.B. Smith, Criminal Practice and Procedure § 1202 (2d ed. 1983). Moreover, the right of a defendant who admits to sufficient facts in the first session of the District Courts to appeal for a trial de novo in the jury-of-six session is a significant feature distinguishing such an admission from a plea of guilty or nolo contendere. See Reporters' Notes to Mass. R. Crim. P. 12 (a) (3), Mass. Ann. Laws, Rules of Criminal Procedure at 202-203 (1979). In our view, however, a first tier admission to sufficient facts accompanied by a failure to appeal for a trial de novo is the functional equivalent of a guilty plea for purposes of G. L. c. 278, § 29D. See *Commonwealth* v. *Hill*, 20 Mass. App. Ct. 130, 132 (1985). The failure to take an appeal lends a finality to the resulting judgment of conviction identical to that which attends a conviction entered on a plea of guilty. See *Commonwealth* v. *Duquette*, 386 Mass. 834, 847 (1982); *Commonwealth* v. *Mele*, 20 Mass. App. Ct. 958, 958-959 (1985).[2] This finality

---

[2] In *Commonwealth* v. *Duquette, supra* at 844-846, this court articulated the procedures that must be followed whenever an admission to sufficient facts is made at the jury-of-six session of the District Courts. We stated that, because the jury-of-six session represents the defendant's last opportunity for a trial, it is important that he fully understand the impact that such an admission will have on his rights. We equated an admission to sufficient facts at the second tier to a guilty plea. Thus, we imposed the requirement that the trial judge conduct a colloquy to determine whether the defendant's admission to sufficient facts and his waiver of a jury trial were knowing

is lacking when the option of appealing for a trial de novo remains viable, but once that option is foreclosed a defendant who has admitted to sufficient facts at the jury-waived session is in the same posture as if he had pleaded guilty. The justifications for requiring that a defendant be advised that a criminal conviction may have an adverse impact on his immigration status are equally applicable in both instances. Therefore, to interpret G. L. c. 278, § 29D, to exclude admissions to sufficient facts in the first tier session by defendants who claim no appeal would, we think, defeat the intended statutory purpose. We conclude that the defendant in the case at bar should have received the requisite statutory advisement prior to his conviction.[3]

The Commonwealth complains that the defendant has made no attempt to construct a record of his admission to sufficient facts for this court's review, but has relied solely on his assertion that no record of the District Court proceedings exists. The Commonwealth suggests that the defendant was obligated by the Rules of Appellate Procedure to provide some sort of record to aid our determination regarding whether the trial

---

and voluntary. We indicated that an admission to sufficient facts may be treated more informally at first tier trial because the defendant still can appeal for a trial de novo. We recognized, however, that, when a defendant who had admitted to sufficient facts at the first tier waives his right to a trial de novo as a condition for obtaining a continuance without a finding, "the proceedings would then have the finality normally associated with second tier proceedings, [and] the safeguards which we have required for admissions to sufficient facts at the second level would be applicable." *Commonwealth* v. *Duquette, supra* at 847.

In *Commonwealth* v. *Mele, supra,* the Appeals Court held that, when a defendant admits to sufficient facts at the first tier of the District Courts and, rather than waiving the right to appeal as in *Duquette,* does not claim an appeal, the proceedings have the same elements of lost opportunity for a jury trial and resultant finality as the usual second tier proceedings.

[3] We note that Dist. Ct. Supp. R. Crim. P. 7 (1981) requires that notice of the right to appeal a finding of guilty at the jury-waived session of the District Courts, and the defendant's decision to exercise that right, must be completed before the pronouncement of sentence. Therefore, a judge knows before sentencing a defendant who has admitted to sufficient facts whether the judge must engage in the statutory inquiry required under G. L. c. 278, § 29D.

judge complied with G. L. c. 278, § 29D, by making the requisite inquiry. The statute is clear on this point, however, stating: "Absent a record that the Court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." G. L. c. 278, § 29D. Thus, the Rules of Appellate Procedure notwithstanding, the burden was on the Commonwealth, if it wished to avoid operation of the statutory presumption, to provide a record of the proceedings affirmatively demonstrating that the defendant was advised that his plea might impair his immigration status. See *Commonwealth* v. *Duquette, supra* at 842 (defendant's failure to ensure that record of District Court proceedings at which defendant admitted to sufficient facts was preserved does not shift constitutional burden on voluntariness of what was esssentially a guilty plea). Because the Commonwealth provided no affirmative record that the required advisement was given, the presumption that it was not given is controlling.

General Laws c. 278, § 29D, provides that, when a defendant has not been advised, as required, that his conviction on criminal charges may result in his deportation, exclusion from the United States, or denial of naturalization, and he later shows that his conviction may have any of these enumerated consequences, the judgment shall be vacated on his motion. A defendant need not show that any of the enumerated consequences has actually resulted, nor, contrary to the Commonwealth's intimation, that he would have pleaded differently to the criminal charges against him, had he received the statutory warning. In the instant case, the defendant alleged that, as a result of his conviction for possession of marihuana with intent to distribute, he was scheduled for a deportation hearing.[4] This uncontested allegation was sufficient, absent compliance with G. L. c. 278, § 29D, to mandate allowance of the defendant's motion to vacate the judgment of conviction. It follows that the judge's order denying that motion must be reversed.[5]

---

[4] Defense counsel informed this court at oral argument that the deportation hearing has been stayed pending resolution of the case at bar.

[5] The Commonwealth suggests that the judge's decision denying the defendant's motion can be overturned only on a showing of manifest injustice,

On remand, the judge shall vacate the judgment of conviction and permit the defendant to withdraw his admission to sufficient facts and to enter a plea of not guilty. G. L. c. 278, § 29D. If the defendant chooses to enter such a plea, a trial will follow.[6]

*So ordered.*

citing *Commonwealth* v. *Brown,* 378 Mass. 165, 171 (1979); as authority. The manifest injustice standard is applicable to review of a judge's denial of a Mass. R. Crim. P. 30 motion for a new trial, as *Brown* plainly indicates. A motion to vacate the judgment pursuant to G. L. c. 278, § 29D, is different in kind, however. The statute requires that such a motion be granted on a showing that the criminal conviction at issue may have any of the enumerated consequences to the defendant's immigration status; the judge has no discretion in that regard. Denial of a motion to vacate under such circumstances must be reversed, regardless whether the denial, if allowed to stand, would result in manifest injustice to the defendant.

[6] The defendant's valid waiver of an initial jury trial is left undisturbed by his successful motion to vacate the judgment. However, the defendant will not be bound by his previous failure to appeal the vacated conviction for a trial de novo. Therefore, should the defendant decide to withdraw his admission to sufficient facts and enter a plea of not guilty, a first tier bench trial will ensue. If convicted, he may then appeal for a trial de novo. In the alternative, the defendant may, after his conviction is vacated, affirm his prior admission to sufficient facts but claim an appeal. By so doing, he could obtain a jury trial, if desired. See K.B. Smith, *Criminal Practice and Procedure* § 1202 (2d ed. 1983).