## COMMONWEALTH *vs.* CARL A. BERTHOLD.

Plymouth. January 9, 2004. - March 10, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Criminal,* Plea.

This court concluded that G. L. c. 278, § 29D, did not require that a criminal defendant who pleaded guilty later be permitted to withdraw his plea, where, at the time of the tender of the plea, the judge gave an incomplete warning of the immigration consequences of such a plea, but specifically warned of the precise consequence on which the defendant relied to withdraw his plea. [184-187]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on October 5, 1999.

A motion to withdraw pleas of guilty and for a new trial, filed on December 20, 2000, was considered by *James F.X. Dinneen,* J., and a petition for a writ of coram nobis, filed on January 2, 2001, was also considered by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Carolyn A. Burbine,* Assistant District Attorney, for the Commonwealth.

*Eric W. Ruben* for the defendant.

CORDY, J. In this case, we consider whether G. L. c. 278, § 29D, requires that a defendant be permitted to withdraw his guilty plea if at the time of its tender the judge gave an incomplete warning of the immigration consequences of such a plea, but specifically warned of the precise consequence on which the defendant relies to withdraw his plea. We hold that it does not.

*Background.* On October 26, 1999, the defendant, Carl A. Berthold, pleaded guilty to and was sentenced to a house of correction on two counts of assault and battery by means of a dangerous weapon and one count of assault by means of a

dangerous weapon. At the plea colloquy, the District Court judge advised Berthold: "And sir, I'm required to tell you this, that if you're not a citizen of the United States, this conviction could affect your status as a resident alien. You could be deported or if you applied for citizenship, it could affect that application. Do you understand that?" The defendant replied, "Yes."

On February 8, 2000, the Immigration and Naturalization Service began deportation proceedings against the defendant on the basis of his conviction.[1] Ten months later, the defendant filed motions seeking to withdraw his guilty pleas, arguing that the immigration warnings that he was given were inadequate. The motions were denied. The defendant appealed, and, citing our decisions in *Commonwealth* v. *Soto*, 431 Mass. 340 (2000), and *Commonwealth* v. *Hilaire*, 437 Mass. 809 (2002), the Appeals Court summarily reversed in an unpublished memorandum and order issued pursuant to its rule 1:28. *Commonwealth* v. *Berthold*, 57 Mass. App. Ct. 1109 (2003). We granted the Commonwealth's application for further appellate review.

*Discussion.* General Laws c. 278, § 29D, requires that, before accepting a guilty or nolo contendere plea,[2] a judge advise the defendant:

> "If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States."

The purpose of this requirement is to ensure that defendants entering pleas are made aware of the potential for adverse immigration consequences. See *Commonwealth* v. *Villalobos*, 437 Mass. 797, 805 (2002). The statute further provides that, if the judge fails to give the statutory warning and the defendant "later at any time shows that his plea and conviction *may* have

---

[1]The defendant has since been deported to Haiti.

[2]We have interpreted the statutory requirement of warnings also to extend to admissions of facts sufficient for a finding of guilt. *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 316-317 (1986).

one of the enumerated consequences, the court, on the defendant's motion, *shall* vacate the judgment, and permit the defendant to . . . enter a plea of not guilty" (emphasis added). G. L. c. 278, § 29D.

It is not contested that the judge failed to deliver the complete warning required by § 29D. While the judge warned the defendant that his guilty plea might affect any application for citizenship and might lead to his deportation, he failed to warn that it might also prevent his reentry into the country should he leave. Neither is it disputed that, with the commencement of deportation proceedings, the defendant was in jeopardy of suffering one of the enumerated immigration consequences about which he was specifically warned.[3]

The statute does not permit alien defendants who have voluntarily tendered pleas of guilty to withdraw their pleas merely on a showing that they did not receive an adequate immigration warning. The remedy clause of G. L. c. 278, § 29D, is triggered only when a defendant can additionally demonstrate that he "may" become subject to one of the immigration consequences enumerated in the statute. We construe this requirement to mean that a defendant must demonstrate more than a hypothetical risk of such a consequence, but that he actually faces the prospect of its occurring. To conclude otherwise would, as a practical matter, read the requirement out of the statute. Had the Legislature intended such a result, it could have easily accomplished it by simply providing that an alien, not advised of each of the three enumerated possible immigration consequences, has a right to withdraw his plea at any time.

In his motions to withdraw his pleas, the defendant met his burden of showing that he faced one, but only one, of the immigration consequences enumerated in the statute: deportation. He cannot, however, demonstrate that he was inadequately warned under § 29D of that consequence. Although the immigration warning that the judge gave did not cover all of the immigration consequences enumerated in § 29D, we do not

---

[3]Although the defendant originally contended that he was not advised that he might face deportation as the result of his guilty pleas, the record (including the transcript of the colloquy) unequivocally demonstrates that he was specifically advised of that potential consequence and that he understood it at the time.

construe the statute to impose the extraordinary remedy that it provides in circumstances where the inadequacy complained of is immaterial to the harm for which the remedy is sought. *Commonwealth* v. *Katsirubis*, 45 Mass. App. Ct. 132, 138 (1998) (requiring "plausible showing of materiality" for defendant to withdraw plea after allegedly defective § 29D warning). A defendant who has been warned under the statute of the very consequence with which he must subsequently contend is not entitled to withdraw his plea, even if he was not warned of other enumerated consequences that have not materialized. See *Commonwealth* v. *Agbogun*, 58 Mass. App. Ct. 206, 207-208 (2003).

This interpretation of the statute is not inconsistent with our decisions emphasizing the importance of the warnings and requiring relief where the defendant faces a consequence about which he should have been but was not warned. See, e.g., *Commonwealth* v. *Hilaire*, 437 Mass. 809, 814 (2002) (requiring that warnings be given orally in the words of the statute and allowing defendant's motion to withdraw admission to sufficient facts and for new trial where colloquy did not "identify the immigration consequence that the defendant is now suffering"); *Commonwealth* v. *Soto*, 431 Mass. 340, 342 (2000) (emphasizing that all three statutory immigration warnings are in "quotation marks" and required by statute, and allowing defendant, faced with exclusion from admission to United States, to withdraw plea where not advised of that consequence). In ordering new trials in *Commonwealth* v. *Hilaire*, *supra*, and *Commonwealth* v. *Soto*, *supra*, we distinguished but did not overrule so much of the holding in *Commonwealth* v. *Lamrini*, 27 Mass. App. Ct. 662, 666-667 (1989), that affirmed the denial of a motion to withdraw a guilty plea where the defendant, not advised of each of the immigration consequences enumerated in § 29D, was advised of the consequence that she subsequently faced.[4]

Because the defendant was warned of the precise immigra-

---

[4]On appeal, the defendant makes an argument that, now deported, he likely will be excluded from admission to the United States, and thus may face an "immigration consequence" enumerated in § 29D of which he was not advised. Therefore, he contends, he must be permitted to withdraw his guilty pleas. The defendant's motions to withdraw his guilty pleas referenced only his then impending deportation and made no mention of exclusion from

tion consequence that he subsequently faced, the motions to withdraw his guilty pleas were properly denied. The judge's orders denying the defendant's motions are affirmed.[5]

*So ordered.*

admission. Because this argument was not raised below, it is waived. Mass. R. Crim. P. 30 (c) (2), as appearing in 435 Mass. 1501 (2001). See *Commonwealth* v. *Balliro*, 437 Mass. 163, 166 (2002). That the defendant filed his motions pro se does not relieve him of procedural obligations. *Commonwealth* v. *Watkins*, 433 Mass. 539, 548 (2001), quoting *Mains* v. *Commonwealth*, 433 Mass. 30, 36 (2000) ("pro se litigant [even in a case of constitutional magnitude] is bound by the same rules of procedure as litigants with counsel"). Because the defendant's argument is waived, we do not decide whether the automatic denial of readmission for certain periods of time following deportation, see 8 U.S.C. § 1182(a)(9)(A)(ii) (2000), as contrasted with the denial of readmission on the basis of one's criminal record alone, see 8 U.S.C. § 1182(a)(2) (2000), is a consequence (separate from deportation) of which § 29D was intended to warn.

[5]In his separately filed pro se brief, the defendant also complains that the trial judge failed to explain the elements of the offenses to which the defendant pleaded guilty, that the trial judge engaged in a misleading colloquy, and that defense counsel was ineffective for failing to intervene. These issues were not raised in the defendant's motions to withdraw his pleas, and the record demonstrates that the defendant was fully aware of the elements of the offenses with which he was charged, and that the judge's colloquy was clear and straightforward. See *Commonwealth* v. *Colantoni*, 396 Mass. 672, 679 (1986).

The defendant additionally argues that his attorney was constitutionally ineffective for failing to advise him of the possible immigration consequences that might flow from his plea. The defendant fails to establish that any of the "alleged omissions of counsel constitute[] 'serious incompetency, inefficiency, or inattention of counsel . . . falling measurably below that which might be expected from an ordinary fallible lawyer,' " and has failed to establish that he was "deprived of an otherwise available, substantial ground of defense," and therefore has not established that his attorney was constitutionally ineffective. *Commonwealth* v. *Daley*, 439 Mass. 558, 569 n.8 (2003), quoting *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). See *Commonwealth* v. *Fraire*, 55 Mass. App. Ct. 916, 917-918 (2002).