COMMONWEALTH *vs.* WILSON S. CASIMIR. September 21, 2004. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Interlocutory appeal, Plea, Admission to sufficient facts to warrant finding, New trial.

The Commonwealth appeals from a judgment of a single justice of this court denying its petition under G. L. c. 211, § 3. The appeal is before us on the Commonwealth's memorandum and appendix in accordance with S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). We affirm.

The Commonwealth filed its petition in the county court after a judge in the District Court granted the defendant's motion to vacate his guilty plea. The defendant pleaded guilty to a narcotics offense in January, 1986. He moved to vacate the plea in March, 2004, on the ground, among others, that he had not received the so-called alien warnings set forth in G. L. c. 278, § 29D. The District Court judge granted the motion in April, 2004.[1]

The defendant's motion to vacate his plea was, in its essence, a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). See K.B. Smith, Criminal Practice and Procedure §§ 1250-1251 (2d ed. 1983) ("A motion for a new trial is the appropriate device for attacking the validity of a guilty plea. Therefore, Mass. R. Crim. P., 30 controls and the motion should be brought under that Rule." [Footnotes omitted]).[2] The Commonwealth had an absolute right under Mass. R. Crim. P. 30 (c) (8), as appearing in 435 Mass. 1501 (2001), to appeal immediately from the granting of that motion. H.J. Alperin & L.D. Shubow, Summary of Basic Law § 4.55 (3d ed. 1996) ("by court rule, the Commonwealth has an unconditional right to interlocutory review of an order allowing a motion for a new trial"). The single justice was correct to deny relief where the Commonwealth had this alternative remedy. It is not too late for the Commonwealth to obtain leave, if warranted, to enlarge the time for filing a notice of appeal. Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979). See *Commonwealth* v. *White,* 429 Mass. 258, 262-265 (1999).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.

---

[1]The parties in their various filings speak in terms of a "plea" and "guilty plea." More precisely, the defendant admitted to sufficient facts and was found guilty in the bench session under the trial de novo system in effect at the time, was sentenced, and did not appeal to the jury session. The admission to sufficient facts in such circumstances was, for our purposes, the functional equivalent of a guilty plea. *Commonwealth* v. *Mahadeo,* 397 Mass. 314, 316-317 (1986). *Commonwealth* v. *Mele,* 20 Mass. App. Ct. 958, 958-959 (1985).

[2]Indeed, the defendant's motion was entitled "Motion to Vacate and Request for New Trial," and the District Court docket entry reads, "Motion for new trial allowed."