## COMMONWEALTH *vs.* JOSE BARREIRO.

No. 05-P-123.

Middlesex. February 6, 2006. - August 2, 2006.

Present: RAPOZA, GELINAS, & GRASSO, JJ.

*Practice, Criminal,* Plea. *Alien.*

Where the judge presiding over a plea hearing on three related indictments failed to advise the defendant of the risk of deportation, and the defendant faced deportation as a result of the convictions on two of the indictments, the judge did not err in denying the defendant's motion to withdraw his guilty plea with respect to the third indictment, for which he suffered no adverse immigration consequences. [26-28]

INDICTMENT found and returned in the Superior Court Department on March 26, 1991.

A motion to withdraw pleas of guilty, filed on August 29, 2003, was heard by *Wendie I. Gershengorn, J.*

*Cathleen E. Campbell* for the defendant.

*Sheryl F. Grant,* Assistant District Attorney, for the Commonwealth.

RAPOZA, J. There is no dispute that when the defendant tendered his guilty pleas on three related indictments charging him with two counts of unlawful possession of a firearm and one count of receiving stolen property, the Superior Court judge failed to advise him of the risk of deportation, one of the immigration consequences enumerated in G. L. c. 278, § 29D. Nor is there any dispute that the defendant, who is actually facing deportation as a result of the firearm convictions, is entitled to withdraw his pleas from those two particular indictments. Rather, the chief issue on appeal is whether the judge, who was also the plea judge, erred when she denied the defendant's mo-

tion to withdraw his guilty pleas[1] to the extent that it also sought to withdraw his plea on the related indictment charging him with receiving stolen property.

*Discussion.* Proof that the court gave an inadequate immigration warning at the time of a defendant's plea and conviction is not enough to warrant relief under G. L. c. 278, § 29D. "The remedy clause of G. L. c. 278, § 29D, is triggered only when a defendant can . . . demonstrate that he 'may' become subject to one of the immigration consequences enumerated in the statute. We construe this requirement to mean that a defendant must demonstrate more than a hypothetical risk of such a consequence, but that he actually faces the prospect of its occurring."[2] *Commonwealth* v. *Berthold,* 441 Mass. 183, 185 (2004). Moreover, the defendant must show a nexus, a "plausible showing of materiality," between the judge's defective § 29D warning and an immigration consequence set out in the statute that materializes as a result of the conviction for which he lacked proper warning. *Id.* at 186, quoting from *Commonwealth* v. *Katsirubis,* 45 Mass. App. Ct. 132, 138 (1998). Put another way, the inadequacy complained of must be material to the harm for which the extraordinary remedy under the statute is sought. *Commonwealth* v. *Berthold, supra.* See *Commonwealth* v. *Agbogun,* 58 Mass. App. Ct. 206, 207-208 (2003).

In these circumstances, that burden was not met because the defendant failed to establish that he actually faces deportation as a result of his conviction for receiving stolen property. Cf. *Commonwealth* v. *Pryce,* 429 Mass. 556, 559 (1999) (defendant failed to establish that "this conviction caused him to be deported" and that the action taken against him was not the result of other offenses considered at the time of his deportation).[3] On February 12, 1993, the United States Department of Justice is-

---

[1]Although the defendant styled his motion as one to withdraw his admission to sufficient facts, he in fact pleaded guilty.

[2]The "remedy clause" of G. L. c. 278, § 29D, as amended by St. 1996, c. 450, § 254, provided that should the court not provide the defendant with the statutory immigration warnings "and he later at any time shows that his plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty . . . ."

[3]At the time of the decision in *Commonwealth* v. *Pryce, supra,* the statute

sued an "Order to Show Cause and Notice of Hearing" (order to show cause) to the defendant, alleging that he was subject to deportation based on his March 19, 1992, conviction "for the offense of unlawful possession of a firearm, in violation of Chapter 269, Section 10 of the Massachusetts General Laws." No mention is made of the defendant's related conviction of receiving stolen property. Subsequently, at the deportation hearing held on September 16, 1994, the defendant admitted to the factual allegations of the order to show cause and was found "deportable as charged" on December 13, 1994. Thus, the record is very clear that the defendant faces deportation as a result of his conviction under G. L. c. 269, § 10, for "unlawful possession of a firearm," and no other conviction.

Consequently, any prejudice the defendant claims as a result of the inadequate warnings given prior to his separate, although related, conviction for receiving stolen property is merely speculative and insufficient to trigger the remedy under G. L. c. 278, § 29D. Had the conviction for receiving stolen property been included as the basis for deportation, the defendant's argument would have been taken out of the realm of the hypothetical. That, however, is not the case before us.[4]

Nor does it matter that the stolen property consisted of the weapons referenced in the two firearms indictments. Although the charges relate to the same objects, the gravamen of each offense is different. The fact remains that the Federal authorities

did not permit an already-deported defendant to challenge the adequacy of the immigration warnings that he had received. General Laws c. 278, § 29D, has since been amended by St. 2004, c. 225, §§ 1, 2, to afford those who plead guilty after its effective date and are subsequently deported the opportunity to seek relief under the statute.

[4] We note that 8 U.S.C. § 1227(a)(2)(A)(iii) (2000) states, in relevant part, that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." "Aggravated felony" is defined to include "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(G) (2000). Consequently, there appears to be a statutory basis for Federal authorities to commence deportation proceedings against the defendant due to his related conviction for receiving stolen property. Were such action to be taken, the defendant would face possible deportation as a result of his conviction for that offense. He would then be in a position to argue that he may become subject to one of the immigration consequences enumerated in the statute, a claim that he cannot successfully make at this juncture.

chose to pursue the defendant's deportation specifically based on "the offense of unlawful possession of a firearm, in violation of Chapter 269, Section 10 of the Massachusetts General Laws." That they also could have done so based on the defendant's conviction of receiving stolen property consisting of firearms is not relevant in the circumstances. It is sufficient that the defendant suffered no adverse immigration consequences as a result of his conviction of that offense.[5]

The order dated June 3, 2004, allowing in part and denying in part the defendant's motion to withdraw his guilty pleas is affirmed.

*So ordered.*

---

[5]The defendant's claim that the "manifest injustice" standard applies to review of the judge's denial of a motion brought under G. L. c. 278, § 29D, is without merit. See *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 318 n.5 (1986). Nor did the judge abuse her discretion in denying a hearing on the defendant's motion for a new trial where the defendant failed to raise a substantial issue. Mass.R.Crim.P. 30(c)(3), as appearing in 435 Mass. 1501 (2001). To the extent the defendant raises additional arguments in this appeal challenging the judge's colloquy and related claims of ineffective assistance of counsel, those claims are unsupported by the record and do not require further discussion.