COMMONWEALTH *vs.* WILSON S. CASIMIR.

No. 06-P-420.

Suffolk. January 4, 2007. - February 16, 2007.

Present: RAPOZA, C.J., PERRETTA, DREBEN, GREENBERG, & MEADE, JJ.

*Practice, Criminal,* Plea, Admission to sufficient facts to warrant finding. *Alien.*

A District Court judge erred in allowing a criminal defendant's motion to vacate a guilty plea, brought on the ground that the defendant did not receive the "immigration warning" required by G. L. c. 278, § 29D, where the defendant demonstrated no more than a hypothetical risk that he might face one of the immigration consequences enumerated in that statute. [258-260]

COMPLAINT received and sworn to in the Dorchester Division of the District Court Department on December 20, 1985.

A motion to vacate a guilty plea and for a new trial, filed on March 18, 2004, was heard by *E. Sydney Hanlon,* J.

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.

*Stuart Alford* for the defendant.

MEADE, J. Eighteen years after admitting to sufficient facts to warrant his conviction of possession of cocaine,[1] the defendant moved to vacate his plea based on his claim that he did not receive the "immigration warning" required by G. L. c. 278, § 29D. On April 22, 2004, a District Court judge allowed the motion and ordered a new trial. The Commonwealth appeals. Determining that the defendant's circumstances do not qualify him for a remedy under G. L. c. 278, § 29D, we reverse.

---

[1]The defendant admitted to sufficient facts and was found guilty in the bench session under the trial de novo system in effect at the time and did not appeal to the jury session. An admission to sufficient facts in such circumstances is the functional equivalent of a guilty plea. *Commonwealth* v. *Mahadeo,* 397 Mass. 314, 316-317 (1986).

On December 20, 1985, the defendant was charged by complaint with possession of a class B controlled substance with the intent to distribute. On January 23, 1986, he admitted to sufficient facts on the reduced charge of possession of a class B controlled substance, and he was sentenced to serve a six-month sentence in the house of correction, suspended for one year. On March 18, 2004, the defendant moved to vacate his plea and requested a new trial. The defendant, a native of Haiti, is married to a United States citizen. Motivated by his desire to become a United States citizen himself, he needed to wipe clean his criminal slate.[2] In his affidavit in support of his motion, he alleged that he did "not recall being given any notice or warnings with regard to the immigration consequences" of his plea. He claimed that if he had been so advised, he would not have admitted to sufficient facts. After a hearing, but without findings, a District Court judge allowed the motion, and the Commonwealth's appeal followed.[3]

No record of the defendant's 1986 plea colloquy exists, and the parties have made no effort to reconstruct it. Because the Commonwealth makes no argument that the presumption contained in G. L. c. 278, § 29D, does not apply,[4] we shall assume, without deciding, that this defendant was not provided

[2]An alien who has been convicted of a controlled substance offense is "inadmissible" to the United States, see 8 U.S.C. § 1227(a)(2)(B)(i)(2000), which in turn makes the alien ineligible for permanent resident status, see 8 U.S.C. § 1255(a) (2000), and ultimately disqualified from becoming a naturalized citizen. 8 U.S.C. § 1427(a)(2000).

[3]Preceding the instant appeal, the Commonwealth sought relief from the allowed motion to vacate the plea from a single justice of the Supreme Judicial Court pursuant to G. L. c. 211, § 3. Because a motion to vacate or withdraw a guilty plea is properly treated as a motion for a new trial from which an appeal may be taken, see Commonwealth v. DeMarco, 387 Mass. 481, 482 (1982); Smith, Criminal Practice and Procedure §§ 1250-1251 (2d ed. 1983 & Supp. 2006), the single justice denied the petition; that denial was affirmed on appeal to the full court. Commonwealth v. Casimir, 442 Mass. 1031 (2004). Less than a year following the allowance of the motion, a single justice of this court permitted the Commonwealth to notice a late appeal. See Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979).

[4]Section 29D provides that in the absence of the official record of the plea, "the defendant shall be presumed not to have received [the] advisement." G. L. c. 278, § 29D. The Commonwealth makes no claim that the presumption of regularity, see Commonwealth v. Lopez, 426 Mass. 657, 664-665 (1998), affects either the presumption contained in G. L. c. 278, § 29D, or the

the immigration warning. However, this alone does not provide the defendant with a basis for relief. "The remedy clause of G. L. c. 278, § 29D, is triggered only when a defendant can . . . demonstrate that he 'may' become subject to one of the immigration consequences enumerated in the statute. We construe this requirement to mean that a defendant must demonstrate more than a hypothetical risk of such a consequence, but that he actually faces the prospect of its occurring." *Commonwealth* v. *Berthold*, 441 Mass. 183, 185 (2004). *Commonwealth* v. *Barreiro*, 67 Mass. App. Ct. 25, 26 (2006). See *Commonwealth* v. *Agbogun*, 58 Mass. App. Ct. 206, 208 (2003).

In his motion to vacate his plea, the defendant claimed that as a consequence of his plea, he is prevented from becoming a lawful permanent resident and he is subject to removal from the United States. However, he offered no evidence to the motion judge that removal proceedings have been initiated against him or that he has been denied naturalization because of his narcotics conviction. Merely being "subject" to removal or that he "may" be denied citizenship is insufficient. See *Commonwealth* v. *Rzepphiewski*, 431 Mass. 48, 50 n.6 (2000) (insufficient basis to vacate plea where there was "no evidence in the record to suggest that this defendant has been taken into custody by the Federal Immigration and Naturalization Service [INS], is currently in deportation proceedings before the INS, or has even been notified by the INS that he is now subject to deportation"). As stated, the defendant posits a hypothetical or, at best, an eventuality, but not a circumstance that he actually, and currently, faces. See *Commonwealth* v. *Barreiro, supra* at 26.

Because there has been no showing that the defendant is actually facing any of the enumerated consequences that trigger the allowance of a motion to withdraw a guilty plea pursuant to G. L. c. 278, § 29D, i.e., deportation, exclusion from the United States, or the denial of naturalization, his claim is not ripe. Thus, it was error for the District Court judge to have allowed his motion. Finally, because it is possible that the defendant may, in the future, actually face one of the enumerated

resolution of this case. See *Commonwealth* v. *Pryce*, 429 Mass. 556, 559 (1999).

consequences, we leave open the possibility for a court, on an appropriate motion and record, to fashion a remedy at that time.

The order allowing the defendant's motion to vacate his guilty plea is reversed.

*So ordered.*