Lowy, David A., J.
On October 16, 1992, defendant Domingo Araujo (“Araujo”) pled guiliy to conspiracy to traffick in cocaine. He received a suspended ten-year “Concord” term, and five years’ probation (Roseman, J.). Probation terminated on March 4, 1998, relatively on schedule. Araujo now moves for a new trial on the grounds that he does not recall the immigration warnings under G.L.c. 278, §27D, being read to him and the docket does not reflect that they were, and that his counsel in 1992 was ineffective for not adequately researching the immigration consequences that might now be possible. For the following reasons, Araujo’s motion is DENIED.
DISCUSSION
Araujo’s claim that he “does not recall” being read the immigration warnings is insufficient to require the withdrawal of his guilty plea as provided by G.L.c. 278, §27D. Given the fact that more than sixteen years have passed, it is not surprising that Araujo may not remember exactly what was said to him during the plea colloquy. See Commonwealth v. Lopez, 426 Mass. 657, 665 (1998), quoting Commonwealth v. Duest, 30 Mass.App.Ct. 623, 628 (1991) (“A want of recollection of a fact. . . cannot be a reasonable ground for granting a new trial . . .”). The absence of an affidavit from Araujo’s attorney at the time of the plea, which could have bolstered his self-serving allegations, is also significant. See Commonwealth v. Hoyle, 67 Mass.App.Ct. 10, 11-12 (2006) (noting absence of both affidavit from defendant’s lawyer at time of plea and explanation of why counsel had not submitted such an affidavit as supporting denial of motion to withdraw pleas).
Araujo’s showing is also insufficient because he alleges only a hypothetical risk of immigration consequences. “The remedy clause of G.L.c. 278, §27D, is triggered only when a defendant can . . . demonstrate that he ‘may’ become subject to one of the immigration consequences enumerated in the statute.” Commonwealth v. Barreiro, 67 Mass.App.Ct. 25, 26 (2006), quoting Commonwealth v. Berthold, 441 Mass. 183, 185 (2004). This requires a defendant to demonstrate something more than a hypothetical risk. Id., quoting Berthold, 441 Mass. at 185. In the present motion, Araujo has put forth no evidence to suggest that any immigration proceeding is underway or impending.
*337 Even if Araujo’s motion did not contain the above defects, the presumption of regularity precludes his claims. See Commonwealth v. Mark, 73 Mass.App.Ct. 1103 (2008) (unpublished decision) (applying presumption of regularity where, eight years after plea, defendant challenged plea as having lacked immigration warnings). Given the more than sixteen-year time lapse to the filing of Araujo’s motion, the resulting lack of court records, “as well as the retirement of the original plea judge who thus cannot address this matter, ‘[t]he presumption of regularity and the policy of finality thus come into play ... to place on the defendant the requirement of showing some basis that adequately supports a negation of his convictions.’ ” Cruz, 73 Mass.App.Ct. at *1, quoting Commonwealth v. Grant, 426 Mass. 667, 671 (1998). “A defendant’s naked claim that he did not receive a constitutionally adequate guilty plea colloquy does not automatically thrust upon the Commonwealth the burden of proving the existence of a contemporaneous record establishing that the plea was entered knowingly and voluntarily. Rather, the initial burden is on the moving defendant to present some articulable reason which the motion judge deems a credible indicator that the presumptively proper guilty plea proceedings were constitutionally defective, above and beyond a movant’s ‘credulity straining’ contentions regarding ‘questions the judge did not ask’ almost sixteen years earlier, Commonwealth v. Duest, 30 Mass.App.Ct. 623, 627 (1991) ... , and reliance upon the mere nonexistence of a transcript of the plea proceedings.” Commonwealth v. Pingaro, 44 Mass.App.Ct. 41, 49-50 (1997). Here, Araujo has proffered no credible, articulable indicator that his guilty plea proceedings were defective. As such, the presumption of regularity applies and his motion for a new trial must be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Domingo Araujo’s motion for a new trial is DENIED.