COMMONWEALTH vs. KEVIN E. GRANNUM.

Norfolk. February 8, 2010. - June 18, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Practice, Criminal,* Admission to sufficient facts to warrant finding.

This court concluded that a criminal defendant seeking to withdraw an admission to sufficient facts to warrant a finding of guilty was entitled to a presumption that immigration warnings were not given where no records existed demonstrating that he had received the warnings required by G. L. c. 278, § 29D, and that a presumption of regularity that such warnings had been given could not apply in the face of the specific language of the statute that unambiguously manifested a legislative intent to place on the Commonwealth the burden of proving that the requirements of the statute had been satisfied, irrespective of the amount of time that had passed between the conviction and the motion. [132-134]

A District Court judge properly denied the criminal defendant's motion to withdraw his admission to sufficient facts to warrant a finding of guilty, on the ground that he did not receive the immigration warnings required by G. L. c. 278, § 29D, where the defendant, who claimed that he faced a risk of deportation, failed to demonstrate either that the Federal government had taken some step toward deporting him or that its express written policy called for the initiation of deportation proceedings against him. [134-137] COWIN, J., concurring, with whom SPINA and CORDY, JJ., joined.

COMPLAINT received and sworn to in the Dedham Division of the District Court Department on October 15, 1986.

A motion to withdraw an admission to sufficient facts, filed on October 20, 2006, was considered by *Patricia G. Curtin*, J., and a motion to reconsider, filed on August 23, 2007, was also considered by her.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Adriana Contartese* for the defendant.

*Trisha R. Lee*, Assistant District Attorney, for the Commonwealth.

*Wendy S. Wayne* & *Jeanette Kain*, Committee for Public Counsel Services, & *Iris Gomez, Virginia Benzan, Heather*

*Friedman, Laura Murray Tjan, & Amy H. Schnitzer*, for Committee for Public Counsel Services & others, amici curiae, submitted a brief.

GANTS, J. The defendant appeals from an order of a judge of the District Court denying his "motion to withdraw [his] admission to sufficient facts" to charges of receiving stolen property (one hundred dollars or less) and certain motor vehicle offenses in 1987.[1] He argues that he is entitled to withdraw his admission because he did not receive immigration warnings as required by G. L. c. 278, § 29D, before offering his admission, and that no record exists indicating that such warnings were given.[2] While we agree that the statute creates a presumption that the defendant did not receive the warnings, we conclude that he is not entitled to withdraw his admission because, on the record before us, he has not met his burden of demonstrating more than a hypothetical possibility that he faces immigration consequences as a result of the conviction he challenges.[3]

1. *Facts and procedural background.* In 1986, the defendant was charged in the District Court with receiving stolen property worth one hundred dollars or less, see G. L. c. 266, § 60; operating a motor vehicle negligently so as to endanger, see

---

[1]Effectively, the defendant's motion is one for a new trial. See Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001); *Commonwealth* v. *Furr*, 454 Mass. 101, 106 (2009).

[2]At the time of the defendant's admission, G. L. c. 278, § 29D, provided, in relevant part, that a "[c]ourt shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the [c]ourt advises him . . . 'that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization . . . .' If the [c]ourt fails so to advise the defendant, and he later at any time shows that his plea and conviction may have one of the enumerated consequences, the [c]ourt, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of 'not guilty.' Absent a record that the [c]ourt provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." See G. L. c. 278, § 29D, inserted by St. 1978, c. 383. The statute was later amended in ways not affecting this case. See note 9, *infra*.

[3]We acknowledge the amicus brief on behalf of the defendant that was submitted jointly by the Committee for Public Counsel Services, the Massachusetts Law Reform Institute, the National Immigration Project of the National Lawyers Guild, the Political Asylum/Immigration Representation Project, and the Boston College Immigration and Asylum Project.

G. L. c. 90, § 24; operating an uninsured motor vehicle, see G. L. c. 90, § 34J; and operating an unregistered motor vehicle, see G. L. c. 90, § 9. In 1987, the defendant either pleaded guilty or admitted to sufficient facts with respect to each of the charges. Findings of guilty were entered as to each charge and fines were imposed.[4] Twelve years later, in 1999, the defendant moved, pro se, for a new trial on the 1986 charges, alleging that the judge failed to warn him of the possible immigration consequences of his admission as required under G. L. c. 278, § 29D. In that motion, the defendant contended also that Federal immigration authorities[5] had issued an order to show cause[6] stating that he was subject to deportation based on the 1987 conviction. The defendant filed with the motion his own affidavit claiming that the immigration warnings were not given, together with his own letter stating that he was being detained in Louisiana and was "in deportation proceedings because of this matter." The District Court scheduled two hearing dates on the motion, but there is no record of any action taken.

In 2006, the defendant filed another pro se motion to withdraw his 1987 admission to sufficient facts, based on the alleged failure to provide immigration warnings. This motion was denied, and the defendant timely filed a notice of appeal. In 2007, the defendant, now represented by counsel, moved in the District

---

[4]The District Court docket sheet does not indicate whether the defendant pleaded guilty or admitted to sufficient facts, and we are unable to determine which of the two occurred. Such a determination, however, has no bearing on our decision; both parties proceed on the assumption that the defendant either pleaded guilty or admitted to sufficient facts. "[W]here an admission to sufficient facts may lead to . . . an immediate conviction and sentence . . . it remains appropriate to treat an admission to sufficient facts as the equivalent of a plea of guilty for the purposes of G. L. c. 278, § 29D." *Commonwealth v. Villalobos*, 437 Mass. 797, 801 (2002). In this opinion, we refer to the disposition of the charges as an admission to sufficient facts.

[5]In 1999, the Immigration and Naturalization Service (INS) was responsible for enforcing Federal immigration law. In March, 2003, INS ceased to exist and its duties were transferred to the Department of Homeland Security (DHS). See *Commonwealth v. Diaz*, 75 Mass. App. Ct. 347, 348 n.1 (2009). See also 6 U.S.C. § 291(a) (2006).

[6]Prior to 1996, written notice of the commencement of deportation proceedings was provided through an "order to show cause." See 8 U.S.C. § 1252b (1994), repealed by Pub. L. No. 104-208, § 308(b)(6), 110 Stat. 3009-615 (1996). Under current law, the equivalent written notice is provided by a "notice to appear." See 8 U.S.C. § 1229(a)(1) (2006).

Court for reconsideration of the denial of the second motion. He argued that, in both the 1999 and 2006 motions, he had established that he was eligible for relief under G. L. c. 278, § 29D. The defendant attached to his motion for reconsideration a letter to his attorney from a second attorney stating that the 1987 conviction of receiving stolen property, in combination with a later conviction of malicious destruction of property,[7] made him eligible for deportation. The motion was denied, and the defendant appealed. The already pending appeal of the denial of the 2006 motion to withdraw the admission to sufficient facts and the appeal of the denial of the 2007 motion to reconsider were consolidated in the Appeals Court. The Appeals Court affirmed the District Court's rulings in an unpublished memorandum and order pursuant to its rule 1:28. See *Commonwealth v. Grannum*, 74 Mass. App. Ct. 1110 (2009). We granted the defendant's application for further appellate review.

2. *Discussion.* The defendant argues that, because there are no records demonstrating that he received immigration warnings when he admitted to sufficient facts, he is entitled to a presumption that the warnings were not provided. In addition, he contends that he has met his burden of showing that "his plea and conviction may have one of the enumerated [immigration] consequences" by establishing that his 1987 conviction of receiving stolen property provides a statutory basis for his deportation. G. L. c. 278, § 29D.[8]

The Commonwealth contends that where records are unavailable because of the passage of time, a presumption of regularity should apply to the plea proceedings and the defendant should

---

[7]In 1997, the defendant was convicted in the District Court of malicious destruction of property over $250 pursuant to G. L. c. 266, § 127. He filed a motion to withdraw his admission to sufficient facts in that case. The motion was denied.

[8]The statute at the time of the defendant's proceeding referred only to pleas of guilty or nolo contendere. It was amended thereafter to include an express reference to admissions to sufficient facts. See St. 2004, c. 225, § 1. Given the purposes of the statute both before and after the 2004 amendment, as well as this court's long-standing treatment of admissions to sufficient facts as the equivalent of guilty pleas, see *Commonwealth v. Villalobos, supra* at 801; *Commonwealth v. Mahadeo*, 397 Mass. 314, 316-317 (1986), we are satisfied that the addition of a specific reference to admissions to sufficient facts was for clarification only, and does not imply that such admissions were not embraced by the prior statute.

Commonwealth *v.* Grannum.

bear the burden of establishing that the warnings were not given. See *Commonwealth* v. *Lopez*, 426 Mass. 657, 661-662, 663 (1998). The Commonwealth claims in addition that the defendant is not entitled to relief because he has demonstrated on the record here only a hypothetical possibility that he may face deportation as a result of the 1987 conviction.

a. *Presumption that warnings were not given.* The statute in effect at the time of the defendant's admission provided that "[a]bsent a record that the [c]ourt provided the [immigration] advisement . . . the defendant shall be presumed not to have received the required advisement." G. L. c. 278, § 29D, inserted by St. 1978, c. 383.[9] In *Commonwealth* v. *Jones*, 417 Mass. 661, 664 (1994), we held that, regardless of how much time has passed since the defendant's guilty plea, this portion of the statute places the burden on the Commonwealth to rebut the presumption that the defendant was not properly advised.

The Commonwealth argues that we should modify this holding based on our subsequent decision in *Commonwealth* v. *Lopez*, 426 Mass. 657 (1998). In that case, we considered how the burden of proof should be allocated when a defendant challenges the voluntariness of a guilty plea pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), many years after it was entered. Ordinarily, the Commonwealth bears the burden of establishing that a challenged plea was "intelligently and voluntarily made." *Commonwealth* v. *Furr*, 454 Mass. 101, 107 (2009). However, when a defendant challenges a guilty plea after waiting many years, the tape recording, transcript, and other records of the plea are often unavailable through no fault of the Commonwealth. See *Commonwealth* v. *Lopez*, *supra* at 661. Records may be unavailable because they have been disposed of pursuant to court rules authorizing the destruction of old records, see S.J.C. Rule 1:12, as appearing in 382 Mass. 717 (1981), and reconstruction may be impossible because of the death, retirement, unavailability, or lack of recollection of

---

[9]The statute was amended in 2004 to require that the record providing evidence that the warnings were given be an "official record or a contemporaneously written record kept in the Court file." St. 2004, c. 225, § 1. The new language applies only to pleas occurring on or after the effective date of the amendment. See St. 2004, c. 225, § 2. Thus, the amendment has no application to this case.

the participants in the plea hearing. See *Commonwealth* v. *Lopez, supra.* Accordingly, we concluded that, to avoid unfair prejudice to the Commonwealth, when a defendant challenges a guilty plea after court records have been destroyed lawfully pursuant to court rules, the defendant bears the burden of proof. *Id.* at 661-662, 664-665. In such cases, the defendant must present evidence sufficient to rebut a presumption that the plea proceeding was conducted correctly. *Id.*

To date, we have reserved judgment whether this presumption of regularity that applies to collateral challenges to guilty pleas under rule 30 (b) applies also to challenges brought pursuant to G. L. c. 278, § 29D, based on the failure to provide immigration warnings. See *Commonwealth* v. *Rzepphiewski,* 431 Mass. 48, 52 n.7 (2000); *Commonwealth* v. *Pryce,* 429 Mass. 556, 559 (1999). We conclude today that it does not.

Our holding in *Commonwealth* v. *Lopez, supra* at 661-662, 664-665, applied a presumption of regularity only to motions to vacate guilty pleas brought under rule 30 (b). Motions to withdraw a guilty plea for failure to provide immigration warnings are "different in kind" and are governed by different standards. See *Commonwealth* v. *Mahadeo,* 397 Mass. 314, 318 n.5 (1986). The presumption of regularity applicable to motions under rule 30 (b) is inconsistent with the language of G. L. c. 278, § 29D. That statute provides that, if the court fails to give immigration warnings and the defendant "*at any time* shows that his plea and conviction may have one of the enumerated consequences, the [c]ourt . . . *shall* vacate the judgment, and permit the defendant to withdraw the plea" (emphasis added). G. L. c. 278, § 29D. The statute is equally explicit that, absent a record that the warnings were provided, "the defendant shall be presumed not to have received the required advisement." *Id.*

Thus, the "explicit language of the statute unambiguously manifests a legislative intent to place on the Commonwealth the burden of proving that the requirements of G. L. c. 278, § 29D, have been satisfied, irrespective of the amount of time that may have passed between a conviction and a defendant's motion to withdraw his plea or his admission to sufficient facts." *Commonwealth* v. *Jones, supra* at 664. Even though, given this statutory language, there is the possibility of prejudice to the Commonwealth similar to that which led us to adopt the pre-

sumption of regularity for claims brought pursuant to rule 30 (b), "[w]e are not free to ignore or to tamper with [a] clear expression of legislative intent." *Commonwealth* v. *Jones, supra.* Thus, the presumption of regularity that warnings were given cannot apply in the face of the specific language of G. L. c. 278, § 29D.

In this case, there is nothing in the record indicating that the defendant received immigration warnings at the time of his admission. Nor has the Commonwealth "reconstructed the record" with, for example, evidence from the judge who took the admission or other individuals present when the admission was accepted. See *Commonwealth* v. *Rzepphiewski, supra* at 53-54. See also *Commonwealth* v. *Diaz,* 75 Mass. App. Ct. 347, 351-352 (2009) (guidance for reconstructing record of plea proceedings to establish that immigration warnings were given). Therefore, the defendant is entitled to a presumption that he did not receive the immigration warnings, and the Commonwealth has not satisfied its burden to establish that the presumption has been overcome.

b. *Enumerated immigration consequences.* In order to be entitled to withdraw his admission due to the absence of immigration warnings, the defendant must show that "his plea and conviction may have or has had one of the enumerated consequences" set forth in the immigration warnings: deportation, exclusion from admission to the United States, or denial of naturalization. See G. L. c. 278, § 29D. The defendant bears the burden of demonstrating that he may face or is facing one of the enumerated consequences. See *Commonwealth* v. *Berthold,* 441 Mass. 183, 185 (2004). To meet this burden, the defendant must show "more than a hypothetical risk of such a consequence, but that he actually faces the prospect of its occurring." *Id.* The defendant must demonstrate also that the immigration consequences he may face or is facing were caused by the admission he seeks to nullify. See *Commonwealth* v. *Pryce, supra.* See also *Commonwealth* v. *Barreiro,* 67 Mass. App. Ct. 25, 26 (2006) (defendant must show "nexus . . . between the judge's defective § 29D warning and an immigration consequence set out in the statute that materializes as a result of the conviction for which he lacked proper warning"). In this case, the defendant has not met this burden.

The signed affidavit that the defendant submitted in 2006 in support of his motion to withdraw his admission to sufficient facts did not state that he actually faced the prospect of suffering any of the enumerated consequences. It did not attest that he faced an immediate risk of deportation, or that he intended to travel outside the United States and faced a substantial risk of exclusion if he attempted to re-enter, or that he intended to apply to become a naturalized United States citizen if the conviction at issue would not doom his application. In connection with his 2007 motion for reconsideration, the defendant did not present a supplemental affidavit of his own or anyone else; rather, he submitted an unsworn letter from an attorney (who did not represent the defendant) which discussed the potential deportation consequences under Federal immigration law of the defendant's 1987 conviction of receiving stolen property.[10] The attorney concluded that the 1987 conviction and a 1997 conviction of malicious destruction of property constituted convictions of crimes of moral turpitude that would result in the defendant being classified as deportable. See 8 U.S.C. § 1227(a)(2)(ii) (2006 & Supp. II 2008).[11] The defendant claims that this letter, combined with the fact that these two convictions are the only ones that subject him to deportation,[12] establishes that he may face an enumerated immigration consequence as a result of the 1987 conviction.

Where, as here, deportation is the only enumerated consequence that the defendant attests he may suffer, the defendant must show

[10]The letter was addressed to the defendant's attorney and stated that she had asked the authoring attorney to "comment on the immigration consequences" of the defendant's conviction of receiving stolen property. The letter refers to the defendant as "your client."

[11]Title 8 U.S.C. § 1227(a)(2)(A)(ii) (2006 & Supp. II 2008) provides that "[a]ny alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct . . . is deportable."

[12]In a postargument letter filed pursuant to Mass. R. A. P. 16 (l), as amended, 386 Mass. 1247 (1982), the defendant presented the claim that, notwithstanding his record of additional criminal convictions, these convictions are the only ones that could subject him to deportation. It is improper to use rule 16 (l) to supplement the evidentiary record. In any event, even if this assertion were correct, it would not affect our conclusion that the defendant has failed to show that deportation based on the challenged conviction is more than a hypothetical possibility.

more than that the challenged conviction forms a statutory basis for that consequence. See *Commonwealth* v. *Rzepphiewski*, 431 Mass. 48, 50 n.6 (2000); *Commonwealth* v. *Casimir*, 68 Mass. App. Ct. 257, 259 (2007). The unsworn attorney's letter on which defendant relies does not establish that the defendant has been taken into custody by Federal immigration authorities, or that he is currently in deportation proceedings, or has been notified by Federal immigration authorities that he is now subject to deportation, or that, as a result of the challenged conviction (alone or in conjunction with other convictions), the express written policy of the Federal immigration authorities calls for the initiation of deportation proceedings against him.[13] Cf. *Commonwealth* v. *Rzepphiewski*, *supra*. Mere eligibility for deportation is not a sufficient basis for relief under G. L. c. 278, § 29D. Nor is it sufficient to show that, if the Federal government were to initiate deportation proceedings, the defendant almost inevitably would be deported. See *Padilla* v. *Kentucky*, 130 S. Ct. 1473, 1480 (2010) ("Under contemporary law, if a noncitizen has committed a removable offense after the 1996 effective date of [the amendments to the Immigration and Nationality Act, 110 Stat. 3009-596], his removal is practically inevitable but for the possible exercise of limited remnants of equitable discretion vested in the Attorney General to cancel removal for noncitizens convicted of particular classes of offenses"). Where the defendant claims that he faces a risk of deportation, we construe the statute to require that relief be available only where the defendant shows either that the Federal government has taken some step toward deporting him or that its express written policy calls for the initiation of deportation proceedings against him.[14] See *Commonwealth* v. *Berthold*, *supra* at 185. When he filed his 2006 motion to with-

---

[13]In 2009, the defendant received notice that DHS was commencing deportation proceedings against him. Because those proceedings began after the District Court judge ruled on the defendant's motions, they were not before the motion judge and we do not consider them in our review.

[14]The concurrence disagrees with our conclusion that a defendant who has shown that the Federal government has an express written policy calling for the initiation of deportation proceedings against him has met his burden of proving more than a hypothetical risk of an enumerated immigration consequence — deportation. We conclude that a defendant "actually faces the prospect of [deportation] occurring," see *Commonwealth* v. *Berthold*, 441 Mass. 183, 185 (2004), where his deportation is not merely legally permis-

draw his admission to sufficient facts and his 2007 motion to reconsider, the defendant failed to meet his burden of showing more than a hypothetical risk of an enumerated consequence.

3. *Conclusion.* The defendant's motion to withdraw his admission to sufficient facts was properly denied. The denial of the motion to withdraw the admission to sufficient facts and the denial of the motion for reconsideration are affirmed.

*So ordered.*

COWIN, J. (concurring, with whom Spina and Cordy, JJ., join). I agree with the court that a defendant must demonstrate more than a hypothetical risk that the challenged conviction will result in one of the enumerated immigration consequences in order to obtain relief under G. L. c. 278, § 29D (the immigration warnings statute). I agree also that the defendant has not met this burden here. I write separately because I do not agree that a showing that Federal immigration authorities have adopted an express written policy calling for the initiation of deportation proceedings based on the challenged offense is sufficient to demonstrate more than a hypothetical risk of deportation. The court's test expands the class of people eligible for relief under G. L. c. 278, § 29D, beyond what our cases have allowed.[1]

By enacting the immigration warnings statute, the Legislature did not intend to provide relief to every person who did not receive the warnings at the time he or she entered a guilty plea or plea of nolo contendere, or admitted to sufficient facts. See *Commonwealth* v. *Berthold,* 441 Mass. 183, 185 (2004). In order for relief to be available, the statute requires also that the defendant show that "his plea or conviction may have or has had one of

---

sible but called for by an express written policy of the Federal government. He need not wait until a deportation proceeding has actually commenced, when practical considerations may make it difficult or impossible for the defendant to challenge his conviction before it results in his deportation. Nor do we anticipate that the standard we adopt will produce the confusion feared by the concurrence, given its requirement that the Federal immigration policy be both expressly stated and in writing.

[1] I agree with the portion of the court's opinion concluding that the "presumption of regularity" announced in *Commonwealth* v. *Lopez,* 426 Mass. 657 (1998), does not apply to G. L. c. 278, § 29D. See *ante* at 132-134.

the enumerated consequences." G. L. c. 278, § 29D. In our past cases we have construed this requirement

> "to mean that the defendant must demonstrate more than a hypothetical risk of such a consequence, but that he *actually faces* the prospect of its occurring. To conclude otherwise would, as a practical matter, read the requirement out of the statute. Had the Legislature intended such a result, it could have easily accomplished it by simply providing that an alien, not advised of each of the three enumerated possible immigration consequences, has a right to withdraw his plea at any time." (Emphasis supplied.)

*Commonwealth* v. *Berthold, supra.*

The court concludes that a showing that an express written policy of Federal immigration authorities calls for the initiation of deportation proceedings based on the challenged offense is sufficient to demonstrate more than a hypothetical risk that the defendant will in fact suffer deportation. See *ante* at 136. However, until Federal immigration authorities take steps toward deporting an alien, the risk of deportation, in my view, remains hypothetical. Federal authorities possess "long-established discretion to decide whether and when to prosecute or adjudicate removal proceedings or to execute removal orders." See *Cardoso* v. *Reno*, 216 F.3d 512, 517 (5th Cir. 2000), quoting *Alvidres-Reyes* v. *Reno*, 180 F.3d 199, 201 (5th Cir. 1999).

Additionally, "[t]he Attorney General may, in his discretion, waive" in individual cases several of the statutory provisions that render an alien ineligible for admission to the United States. See 8 U.S.C. § 1182(h) (2006). Furthermore, the Attorney General may cancel removal for aliens who are otherwise inadmissible or deportable if the alien meets certain statutory criteria. See 8 U.S.C. § 1229b (2006). The decision to exercise this authority with respect to an alien who meets the statutory criteria is discretionary. See *Nadal-Ginard* v. *Holder*, 558 F.3d 61, 64 n.4 (1st Cir. 2009); *Reyes-Vasquez* v. *Ashcroft*, 395 F.3d 903, 906 (8th Cir. 2005).

In addition, today's holding will be difficult to administer. Although the court claims that there is little possibility of uncertainty because of the requirement that a Federal immigra-

tion policy be express and written in order to form a basis for relief, see *ante* at 136 n.14, the court neither defines nor provides examples of the types of policies that would be sufficient. For example, the court recognizes that statutory eligibility for deportation is not sufficient on its own to form a basis for relief. See *ante* at 135. However, the Federal law defining when an alien is subject to deportation represents a written Federal policy. The court provides no guidance on how to differentiate written policies that are sufficient to form a basis for relief under the statute from those that are not. This will result in much future litigation to decide whether an express written policy is of the type that qualifies a defendant for such relief.

Requiring a defendant to establish that the Federal government has taken affirmative steps to bring about deportation provides a "bright line" rule that is consistent with our case law requiring that a defendant face more than a hypothetical risk of deportation. See *Commonwealth* v. *Berthold, supra.* I believe that such a showing is necessary before permitting relief under the immigration warnings statute.