COMMONWEALTH *vs.* LYDIA RODRIQUEZ.

No. 06-P-1512.

Essex. April 5, 2007. - November 16, 2007.

Present: DUFFLY, COWIN, & McHUGH, JJ.

*Practice, Criminal,* Plea.

A Superior Court judge properly permitted the criminal defendant to withdraw
her plea of guilty, tendered more than eleven years earlier, where the
judge, who had also presided over the initial plea tender, had failed at that
time to warn her, as mandated by G. L. c. 278, § 29D, that her guilty plea
might have the consequences of exclusion from admission to the United
States or denial of naturalization, and where the defendant now actually
faced the very immigration consequence about which she had not been
warned, namely, automatic denial of readmission following deportation.
[724-728]

INDICTMENT found and returned in the Superior Court Depart-
ment on October 30, 1991.

A motion to vacate the judgment of guilty and to withdraw
admission to sufficient facts, filed on December 15, 2004, was
heard by *Isaac Borenstein,* J.

*Elin H. Graydon,* Assistant District Attorney, for the
Commonwealth.

DUFFLY, J. The defendant's motion to withdraw her guilty
plea was allowed by a Superior Court judge who had also presided
over the initial plea tender more than eleven years before. At
the earlier hearing the judge had advised the defendant of the
consequence of deportation but failed to warn that her guilty
plea additionally "may have the consequences of . . . exclusion
from admission to the United States, or denial of naturalization,
pursuant to the laws of the United States," as mandated by
G. L. c. 278, § 29D, inserted by St. 1978, c. 383. In this appeal
the Commonwealth argues that the defendant, who faces deporta-
tion, is not entitled to withdraw her guilty plea because her
exclusion from reentry to the United States is speculative.

We address the question left open by *Commonwealth* v. *Berthold*, 441 Mass. 183, 186 n.4 (2004), "whether the automatic denial of readmission for certain periods of time following deportation . . . as contrasted with the denial of readmission on the basis of one's criminal record alone . . . is a consequence (separate from deportation) of which § 29D was intended to warn." We agree with the motion judge that because the defendant now also faces immigration consequences about which she was not warned (denial of readmission), the plain language of the statute requires that the defendant be permitted to withdraw her guilty plea. More specifically, we conclude that the defendant's conviction — a drug-related "aggravated felony" for purposes of immigration law — results in the automatic, and now permanent, denial of readmission to the United States, see 8 U.S.C. § 1182(a)(9)(A) (2000),[1] and that this is an "enumerated consequence" of the defendant's plea about which she was not warned.

*Background.* In 1993, the defendant pleaded guilty to the crime of possession with intent to distribute cocaine and was sentenced to a suspended term of from seven to ten years and two years' probation, with a number of conditions, including drug treatment, counselling, and various fees. At the plea colloquy, the motion judge advised the defendant: "You need to understand that a finding of guilt on this offense may mean that you will be deported from the United States, that you may lose your permanent residence, your green card, and that you may lose your right to remain in the United States lawfully. Do you understand that?" The defendant replied, "Yes, sir, I understand."

---

[1] If the defendant had been ordered deported soon after her 1993 conviction, automatic denial of readmission to the United States would have been for a period of twenty years. 8 U.S.C. § 1182(a)(6)(B)(iv) (1994).

Even if there had been no automatic exclusion in 1993, we would still affirm the new trial order. The defendant's subjective understanding of immigration law in effect at the time of the guilty plea is irrelevant to the remedy available to aliens under G. L. c. 278, § 29D. The judge's obligation is to give the advisement that is set forth in quoted language in the statute. "Beyond that, in the absence of special circumstances, a judge need not explain to the defendant the intricacies of the immigration laws." *Commonwealth* v. *Hason*, 27 Mass. App. Ct. 840, 844 (1989). See *Commonwealth* v. *Monteiro*, 56 Mass. App. Ct. 913, 913 (2002) (defendant should not have been permitted to withdraw his pleas merely because his former counsel may have failed to inform him of recent amendments to Immigration and Nationality Act of 1952, 8 U.S.C. § 1101[a] [1994]).

In 2004, the defendant moved to vacate her plea on grounds that she had not been given sufficient warning of the effect of the plea on her immigration rights as required by G. L. c. 278, § 29D, and that she was now the subject of pending deportation proceedings. In an affidavit accompanying the motion, her counsel stated that the defendant "has been ordered to answer in removal proceedings that could result in her deportation." The affidavit also states that the defendant was not "advised that she will never be allowed to return to the United States as a result of her plea."[2] At the hearing, both the prosecutor and defense counsel represented that the defendant had been the subject of deportation proceedings before an immigration court and had been ordered deported. Defense counsel further argued that Federal law enacted in 1996[3] created categories of aggravated felonies that now include the offense to which the defendant had pleaded guilty and eliminated discretionary relief that previously had been available to immigration judges. He went on to argue that under this law, the defendant now would be barred from reentry for an extended period and that she seeks reentry to be with her family.

It was not contested that the defendant has three children who are United States citizens. The prosecutor argued that in light of the facts that the defendant has three young children, one of whom has had frequent hospitalizations due to illness, and that there have been no additions to the defendant's criminal record since her guilty plea, she might succeed in her appeal from the deportation order on humanitarian grounds and that it was, in any case, merely speculative that the defendant would be barred from reentry.

The motion judge (who, as we have observed, also heard the plea and provided the colloquy) found that the defendant's conviction of possession of cocaine with intent to distribute

---

[2]Counsel's affidavit avers, "The Court does not clearly and separately advise the defendant of . . . the sep[ar]ate and distinct consequences of her plea, inasmuch as she is not patently advised that she will never be allowed to return to the United States as a result of her plea."

[3]The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, Title IV, Subtitle D (1996), which, inter alia, amended 8 U.S.C. §§ 1182, 1251 (now 1227), and 1252. The Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub. L. 104-208, 110 Stat. 3009-546, 3009-627, Title III, Subtitle B (1996), among other things, amended the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43).

qualified as an aggravated felony under the immigration laws of this country.[4] He allowed the motion to vacate on the ground that the defendant "is facing an immigration consequence that she was not warned of: denial of naturalization." For reasons not evident in the record, he did not address the defendant's claim that he had failed to warn of the bar to reentry and that the defendant faced this consequence as a result of having been deported.[5]

We conclude that the defendant should have been permitted to withdraw her guilty plea, but on grounds other than that stated by the motion judge. See *Commonwealth* v. *Va Meng Joe*, 425 Mass. 99, 102 (1997); *Commonwealth* v. *Sweezey*, 50 Mass. App. Ct. 48, 51 n.8 (2000).

*Discussion.* General Laws c. 278, § 29D, requires that, before accepting a guilty or nolo contendere plea,[6] a judge must provide a defendant with an advisement, which is set out in quotation marks in the statute. In 1993, that advisement was as follows:

> "If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States."[7]

Section 29D, now as then, requires that a defendant be warned

---

[4]See 8 U.S.C. § 1101(a)(43)(B), 18 U.S.C. § 924(c)(2), and 21 U.S.C. § 841(a)(1) (2000).

[5]Defense counsel's assertion to the motion judge that the defendant was deported in 1996 "in absentia" was not disputed. It appears that during the hearing he provided to the court and to the prosecutor a document "signed by Judge Leonard R. Shapiro, the immigration judge. It's dated October 31, 1996. . . . And the last paragraph indicates: Wherefore, the issue of deportability having been resolved, it's ordered for the reasons set forth, et cetera, that she be deported." The prosecutor asserted that an order for deportation dated November 17, 2004, had been appealed to the Board of Immigration Appeals, which had remanded the matter to the immigration court on March 29, 2005. However, nothing in the record reflects the current state of her deportation appeal. The defendant was not present at the hearing. According to her counsel, she was at that moment "in immigration custody in Patterson, New Jersey."

[6]In 2004, G. L. c. 278, § 29D, was amended to extend to admissions of fact sufficient for a finding of guilt. See St. 2004, c. 225, § 1.

[7]When G. L. c. 278, § 29D, was amended to extend to admissions of fact

in the manner specified by the statute. Thus "[t]o comply with the statute, the judge must give the alien warning, preferably by reading the single quoted sentence directly from the statute." *Commonwealth* v. *Hilaire*, 437 Mass. 809, 819 (2002). See *Commonwealth* v. *Soto*, 431 Mass. 340, 342 (2000) ("The Legislature has put the three required warnings in quotation marks, and each of them is required to be given so that a person pleading guilty knows exactly what immigration consequences his or her plea may have").[8]

"The statute further provides that, if the judge fails to give the statutory warning and the defendant 'later at any time shows that his plea and conviction *may* have one of the enumerated consequences, the court, on the defendant's motion, *shall* vacate the judgment, and permit the defendant to . . . enter a plea of not guilty.' (emphasis added)." *Commonwealth* v. *Berthold*, 441 Mass. at 184-185, quoting from G. L. c. 278, § 29D, as appearing in St. 1996, c. 450, § 254 (the language of which is in all significant respects identical to that of St. 1978, c. 383, the version applicable here). The Supreme Judicial Court has interpreted this "remedy clause of G. L. c. 278, § 29D, [as being] triggered only when a defendant can additionally demonstrate that he

sufficient for a finding of guilt, see note 6, *supra*, the wording of the advisement was altered slightly: "If you are not a citizen of the United States, you are hereby advised that the acceptance by this court of your plea of guilty, plea of nolo contendere, or admission to sufficient facts may have consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States." See St. 2004, c. 225, § 1. This change of wording has no impact on our decision today.

[8] A number of other jurisdictions have immigration warning statutes nearly identical to G. L. c. 278, § 29D. See, e.g., Cal. Penal Code § 1016.5 (West 1985); D.C. Code Ann. § 16-713 (2001); Haw. Rev. St. §§ 802E-2 & 802E-3 (1993); Ohio Rev. Code Ann. § 2943.031 (2006); R.I. Gen. Laws § 12-12-22 (Supp. 2006). See also Wash. Rev. Code § 10.40.200 (2006) (applicable to guilty plea); Wisc. Stat. Ann. § 971.08 (West 2007) (to vacate judgment and withdraw plea, defendant must show plea likely to result in deportation, exclusion from admission, or denial of naturalization). In California, evidence that the defendant was "at risk of . . . exclusion from admission to the United States" because of prior crimes of moral turpitude coupled with a border patrol hold by Federal immigration authorities was sufficient to show that it was "more than just a remote possibility" that the defendant actually faced immigration consequences. *People* v. *Superior Ct. (Zamudio)*, 23 Cal. 4th 183, 202-203 (2000), quoting from *People* v. *Shaw*, 64 Cal. App. 4th 492, 499 (1998).

'may' become subject to one of the immigration consequences enumerated in the statute. We construe this requirement to mean that a defendant must demonstrate more than a hypothetical risk of such a consequence, but that he actually faces the prospect of its occurring." *Id.* at 185.

The Commonwealth contends on appeal that the defendant's motion to vacate her guilty plea should have been denied because the defendant was warned about the consequence of deportation, the exact consequence she actually faces. It argues that the statute offers no remedy unless the defendant can show that, in addition, she actually faces one of the consequences about which she was not warned — exclusion from admission to the United States or denial of naturalization. For this proposition, the Commonwealth relies on *Berthold*, in which the court said: "A defendant who has been warned under the statute of the very consequences with which he must subsequently contend is not entitled to withdraw his plea, even if he was not warned of other enumerated consequences that have not materialized." *Id.* at 186.

As is also the case here, the defendant in *Berthold* faced deportation, a consequence about which he had been warned. In *Berthold*, however, the defendant failed to raise in his motion to withdraw his guilty plea the "argument that, now deported, he likely will be excluded from admission to the United States, and thus may face an 'immigration consequence' enumerated in § 29D of which he was not advised." *Id.* at 186 n.4. Because the argument was not raised below, it was deemed waived, thereby leaving unanswered the question "whether the automatic denial of readmission for certain periods of time following deportation, see 8 U.S.C. § 1182(a)(9)(A)(ii) (2000), as contrasted with the denial of readmission on the basis of one's criminal record alone, see 8 U.S.C. § 1182(a)(2) (2000), is a consequence (separate from deportation) of which § 29D was intended to warn." *Ibid.*

Unlike the defendants in *Berthold* and *Commonwealth* v. *Agbogun*, 58 Mass. App. Ct. 206 (2003), the defendant here based her motion to vacate on the consequence of exclusion from the readmission to the United States, which is the automatic and direct result of the deportation stemming from her convic-

tion. This was not a consequence the defendant "may face only in some hypothetical future," *Commonwealth* v. *Agbogun, supra* at 208; instead, she "actually faces the prospect of its occurring." *Commonwealth* v. *Berthold,* 441 Mass. at 185. See *Commonwealth* v. *Hilaire,* 437 Mass. at 813-814 ("With the commencement of deportation proceedings against [the defendant], there is no dispute that the defendant 'may' suffer one of the enumerated immigration consequences . . .").[9]

The defendant's conviction of possession of cocaine with intent to distribute qualifies as an "aggravated felony" under Federal immigration law and permanently bars her readmission to the United States. See 8 U.S.C. §§ 1101(a)(43)(B), 1182(a)(9)(A) (2000).[10] Cf. *Commonwealth* v. *Casimir,* 68 Mass. App. Ct. 257, 258 n.2 (2007). Under current Federal immigration law, the defendant's conviction of an aggravated felony related to a controlled substance violation subjects her to deportation, 8 U.S.C. § 1227(a)(2) (2000), and to automatic denial of readmission, 8 U.S.C. § 1182(a)(9)(A). Thus, the defendant faces immigration consequences about which she had not been advised: "the automatic denial of readmission for certain periods of time following deportation." *Commonwealth* v. *Berthold,* 441 Mass. at 186 n.4, citing 8 U.S.C. § 1182(a)(9)(A)(ii). We conclude that this is "a consequence (separate from deportation) of which § 29D was intended to warn." *Ibid.* Cf. *Van Slytman* v. *United States,* 804 A.2d 1113, 1117 (D.C. 2002) (alien with aggravated felony conviction warned of consequence of deportation but not that, once deported, he would be excluded from reentry for twenty years and could not become citizen for five years after convic-

[9]The motion judge did not address this claim, instead focusing on the consequence of denial of naturalization. The judge reasoned that because the crime of which the defendant was convicted qualifies as an "aggravated felony" under § 101(a)(43) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43) (2000), she could not show "good moral character," see § 316(a) and (e) of the Immigration and Nationality Act, 8 U.S.C. § 1427(a) (2000), and thus had lost the ability to become naturalized. See 8 U.S.C. § 1427(a). See also 8 C.F.R. § 316.10(b)(2)(iii) (2007). As this was not the issue raised below (nor was it argued on appeal), we do not address it.

[10]Title 8 U.S.C. § 1182(a)(9)(A) provides that an alien convicted of an "aggravated felony" and ordered removed from the United States who thereafter seeks readmission "at any time . . . is inadmissible."

tion; court concluded that this brought him "within the protection of the [immigration warning] statute with respect to the unwarned consequences").

The order allowing the defendant's motion to withdraw her guilty plea is affirmed.

*So ordered.*