COMMONWEALTH *vs.* MARCIAL S. CARTAGENA. No. 07-P-331. April 8, 2008.
*Practice, Criminal,* Plea, Assistance of counsel. *Alien.*

On July 20, 1999, Marcial Cartagena, the defendant, pleaded guilty to a complaint that charged him with indecent assault and battery on a child under the age of fourteen. After the defendant was sworn, the judge, before conducting the plea colloquy, warned the defendant:

> "If you're not a United States citizen there could be immigration or deportation consequences as a result of a criminal conviction. It could result in your deportation or if you were to leave the country, your inability to return. Do you understand that, sir?"

The defendant answered, "Yes." The judge continued, asking whether the defendant had enough time to speak with his defense attorney about the case. Again, the defendant answered, "Yes." The judge asked whether the defendant was satisfied that the advice that defense counsel had provided was in his best interest; the defendant answered, "Yes." The judge informed the defendant about the rights he was waiving by pleading guilty and heard the prosecutor recite the facts of the case. The defendant acknowledged that the facts were true. After finding sufficient facts, the judge accepted the defendant's guilty plea and sentenced the defendant to eleven months' probation.

In May, 2003, the defendant filed a motion for a new trial. He claimed that his plea was not intelligent because the plea colloquy was in English, and Spanish was the only language with which he was familiar. The defendant also contended that his counsel was ineffective in failing to request an interpreter. The plea judge ruled that the defendant fully understood the colloquy and voluntarily relinquished his rights. The judge reasoned that the defendant's responses to her questions were "appropriate" and that she took "great pains to ensure that the defendant understood English."

The defendant was notified by the immigration authorities of pending deportation proceedings in May, 2005. In July, 2005, the defendant filed a second motion for a new trial. The judge denied the defendant's motion in January, 2006, finding that the defendant's "contentions in this second Motion for a New Trial barely vary from what was argued in the prior motion." The defendant was deported to his native Peru in August, 2006, as an aggravated felon. See 8 U.S.C. § 1101(a)(43) (2000).

In January, 2007, the defendant filed a third motion for a new trial, which also sought to revise and revoke his sentence. The defendant claimed, for the first time, that the alien warnings that he received from the judge were statutorily inadequate and that trial counsel was ineffective because he gave incorrect information to the defendant about the potential immigration consequences of his plea. The judge denied the motion without a hearing, ruling that the defendant conceded the adequacy of the alien warnings in his first motion for a new trial. The judge further found that the defendant's assertions in his affidavit, including that counsel promised him that a guilty plea would not result in deportation, were not credible. The judge also ruled that there was no basis for a revision or revocation of the defendant's sentence.

The defendant filed a timely appeal, contending that the plea judge should have allowed his third motion for a new trial because he was not adequately advised pursuant to G. L. c. 278, § 29D, of the immigration consequences of his guilty plea and also because he received ineffective assistance of counsel.

*Discussion.* At the time of the defendant's guilty plea, G. L. c. 278, § 29D, as amended through St. 1996, c. 450, § 254, provided that, before accepting a guilty or nolo contendere plea, a judge must advise the defendant that:

> "If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States."

It is not contested that the judge, in reciting the statutory alien warnings, inadvertently left out the warning that the defendant's guilty plea may result in denial of naturalization.

"The statute . . . provides that, if the judge fails to give the statutory warning and the defendant 'later at any time shows that his plea and conviction *may* have one of the enumerated consequences, the court, on the defendant's motion, *shall* vacate the judgment, and permit the defendant to . . . enter a plea of not guilty' (emphasis added)." *Commonwealth* v. *Rodriquez,* 70 Mass. App. Ct. 721, 725 (2007), quoting from *Commonwealth* v. *Berthold,* 441 Mass. 183, 184-185 (2004). "The Supreme Judicial Court has interpreted this 'remedy clause of G. L. c. 278 § 29D, [as being] triggered only when a defendant can additionally demonstrate that he 'may' become subject to one of the immigration consequences enumerated in the statute. We construe this requirement to mean that a defendant must demonstrate more than a hypothetical risk of such a consequence, but that he actually faces the prospect of its occurring." *Commonwealth* v. *Rodriquez, supra* at 725-726, quoting from *Commonwealth* v. *Berthold,* 441 Mass. at 185.

The defendant correctly asserts that he was not advised that by pleading guilty he could be denied naturalization. However, he does not argue that he faces the prospect of the denial of a request for naturalization.[1] Rather, he argues that he was denied the opportunity to obtain permanent residency status by an immigration judge and that permanent residency status is the equivalent of naturalization.

Denial of permanent residency status is not one of the three immigration

---

[1]Accordingly, any claim that he may suffer the immigration consequence of the denial of naturalization is waived. See *Commonwealth* v. *Berthold, supra* at 186 n.4. See also *Commonwealth* v. *Rodriquez, supra* at 726-727. Moreover, such a claim would likely be unavailing. The withdrawal of a guilty plea is authorized "only when a defendant actually faces an immigration consequence of which he was entitled to be warned . . . [not for] consequences that a defendant may face only in some hypothetical future." *Commonwealth* v. *Agbogun,* 58 Mass. App. Ct. 206, 208 (2003). See *Commonwealth* v. *Berthold, supra* at 185 (defendant must demonstrate "more than a hypothetical risk"; must actually face prospect of unwarned consequence). The naturalization process requires, among other things, that an alien applicant be a legal permanent resident for at least five years. 8 U.S.C. § 1427 (2000). See generally 8 U.S.C. §§ 1421-1448 (2000); 8 C.F.R. §§ 310-331 (2007). It is not disputed that at the time of the defendant's plea he was not a legal permanent resident. In these circumstances, the consequence of the denial of naturalization is simply too attenuated to justify the vacation of a conviction and the withdrawal of a guilty plea. Contrast *Commonwealth* v. *Rodriquez, supra* at 726-727 (consequence of exclusion from readmission to United States was "automatic and direct result of the deportation stemming from [the defendant's] conviction").

consequences cited in the statute. G. L. c. 278, § 29D (deportation, denial of naturalization, exclusion from the United States). Further, the terms "permanent residency status" and "naturalization" are not equivalent.[2] "Any expansion of the statutory mandate is within the province of the Legislature, not an appellate court. 'We are not free to ignore or to tamper with that clear expression of legislative intent. If the law is to be changed, the change can only be made by the Legislature.' " *Commonwealth* v. *Villalobos*, 52 Mass. App. Ct. 903, 905, *S.C.*, 437 Mass. 1104 (2001), quoting from *Commonwealth* v. *Jones*, 417 Mass. 661, 664 (1994). Therefore, the defendant is not entitled to relief based upon the judge's failure to warn him that he may be denied naturalization because he has not argued, let alone demonstrated, such a consequence, and denial of permanent residency status was not contemplated by the governing statute.[3]

We also reject the defendant's claim that he received ineffective assistance of counsel. In light of our determination that the defendant is not entitled to withdraw his guilty plea for failure to warn of the immigration consequence of the denial of naturalization, it cannot be said that "better work might have accomplished something material for the defense." *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977). As to the assertion that counsel advised the defendant incorrectly about potential consequences of his plea, the judge found that the factual assertions supporting that claim set out in the defendant's affidavit were not credible.

We agree with the judge's ruling that there is no basis for a revision or revocation of the sentence.

> *Order denying the motion for a new trial*
> *or to revise and revoke the defendant's*
> *sentence affirmed.*

*Todd C. Pomerleau* for the defendant.
*KerryAnne Kilcoyne*, Assistant District Attorney, for the Commonwealth.

---

[2]Compare 8 U.S.C. § 1101(a)(20) (2000) ("[t]he term 'lawfully admitted for permanent residence' means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having been changed") and 8 U.S.C. § 1101(a)(23) (2000) ("[t]he term 'naturalization' means the conferring of nationality of a state upon a person after birth, by any means whatsoever").

[3]The defendant's argument that he has been denied permanent residency status is more akin to permanent "exclusion from the United States," a consequence of which he was warned before pleading guilty. The defendant says as much in his affidavit stating, "my understanding is that based on my crime, I am permanently barred from re-entering the country." Contrast *Commonwealth* v. *Rodriquez*, 70 Mass. App. Ct. at 724-728 (defendant's motion for withdrawal of guilty plea allowed because she was not warned that her guilty plea might have consequence of exclusion from United States, and defendant faced immigration consequence of which she was not warned, namely, automatic denial of admission following deportation).