NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13817

COMMONWEALTH vs. SAMBATH CHHIENG.

Essex.     January 7, 2026. - May 7, 2026.

Present: Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, Dewar, & Wolohojian, JJ.


Practice, Criminal, Admission to sufficient facts to warrant finding, Plea. Alien. Controlled Substances.



Complaint received and sworn to in the Peabody Division of the District Court Department on April 14, 2015.

A motion to withdraw admissions to sufficient facts, filed on February 25, 2025, was heard by Michael A. Patten, J.

The Supreme Judicial Court granted an application for direct appellate review.


Edward Crane for the defendant.
Jennifer D. Cohen, Assistant District Attorney, for the Commonwealth.
Jennifer Klein & Eileen L. Morrison, Committee for Public Counsel Services, for the immigration impact unit of the Committee for Public Counsel Services, amicus curiae, submitted a brief.


BUDD, C.J. Before entering a plea of guilty, a plea of

nolo contendere, or an admission to sufficient facts to warrant

a finding of guilty, defendants must be warned of the immigration consequences that any noncitizen might face as a result of the plea or admission. See G. L. c. 278, § 29D. Here, the defendant challenges the validity of his admissions to sufficient facts because he did not receive the required warning about their immigration consequences. The Commonwealth contends that, although the warnings the defendant received failed to meet the requirements of G. L. c. 278, § 29D, the presence of additional warnings remedied the error and, moreover, that the defendant failed to establish that he actually faces the prospect of deportation, as required under § 29D. For the reasons that follow, we conclude that the defendant is entitled to withdraw his admissions.[1]

Background. 1. Overview of required court-provided immigration warnings. General Laws c. 278, § 29D, prohibits a judge from accepting a criminal defendant's plea of guilty, plea of nolo contendere, or admission to sufficient facts without advising him or her of the following:

> "If you are not a citizen of the United States, you are hereby advised that the acceptance by this court of your plea of guilty, plea of nolo contendere, or admission to sufficient facts may have consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States."

---

[1] We acknowledge the amicus brief submitted by the immigration impact unit of the Committee for Public Counsel Services.

G. L. c. 278, § 29D.  The provision further states:

> "If the court fails [to provide the statutory warning to] the defendant, and he later at any time shows that his plea and conviction may have or has had one of the enumerated consequences, . . . the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty, plea of nolo contendere, or admission of sufficient facts, and enter a plea of not guilty."

Id.

Until 2004, the warning advised only that "conviction of [an] offense . . . may have" the enumerated consequences (emphasis added).  See St. 1996, c. 450, § 254; St. 2004, c. 225, § 1.  See also Commonwealth v. Villalobos, 437 Mass. 797, 800 (2002).  An amendment updating the section to account for changes in Federal law followed this court's 2002 decision in Villalobos.[2]  See Commonwealth v. Petit-Homme, 482 Mass. 775, 780 n.6 (2019).  In Villalobos, although the defendant was not advised in advance that an admission to sufficient facts for a finding of guilty could lead to deportation, he was not permitted to withdraw his admission because the warning he received correctly tracked the language of § 29D then in effect. See Villalobos, supra at 803-804.  The Legislature thereafter

---

[2] Now, under Federal immigration law, an admission to sufficient facts can act as a "conviction."  See 8 U.S.C. § 1101(a)(48)(A)(i), as amended through Pub. L. No. 104-208, § 322, 110 Stat. 3009-628 (1996).

amended the required language to incorporate reference to an admission to sufficient facts. See Petit-Homme, supra.

Separately, under the version of Mass. R. Crim. P. 12 (c) (3) (A) (iii) (b) and 12 (d) (3) (A) (iii) (b) (rule [b]) in place at the time of the defendant's admission, those pleading guilty or admitting to sufficient facts were warned that "if the offense to which the defendant is . . . admitting to sufficient facts is under federal law one that presumptively mandates removal from the United States and federal officials decide to seek removal, it is practically inevitable that this conviction would result in deportation." See Mass. R. Crim. P. 12 (c) (3) (A) (iii) (b), 12 (d) (3) (A) (iii) (b), as appearing in 470 Mass. 1501 (2015). Rule (b) has since been eliminated to avoid confusion. See Reporter's Notes to Rule 12 (2020), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure (LexisNexis 2025) ("Without this detailed understanding of Federal immigration law, and the defendant's immigration and criminal history, this more specific warning may create a misimpression or misunderstanding among defendants, and when paired with the more general advisory creates a significant risk of confusion").

2. Facts. In 2015, the defendant, Sambath Chhieng -- a lawful permanent resident -- was charged in the District Court with one count of possession with intent to distribute a class B substance and one count of distribution of a class B substance.

Approximately one month later, he admitted to sufficient facts for both charges.  At his plea colloquy, the defendant was given the following warning:  "[I]f you're not a citizen of the United States, a conviction of these offenses may have the consequences of deportation, exclusion from admission to the United States or denial of naturalization."  The defendant was also given immigration warnings under rule (b).  The proceeding was continued without a finding for eighteen months.[3]

Five months after the plea hearing, United States Immigration and Customs Enforcement initiated deportation proceedings against the defendant based on his admissions to sufficient facts.[4]  However, the notice to appear before an immigration judge did not include a hearing date.  After obtaining counsel, the defendant moved to dismiss the proceedings based on the procedural defect, and the matter was dismissed without prejudice in January 2025.

The defendant then sought to vacate his admissions to sufficient facts, alleging that he had been improperly warned of the potential immigration consequences of making the admissions.  See G. L. c. 278, § 29D (defendant may bring motion "at any

---

[3] The charges ultimately were dismissed.

[4] A "conviction" of distributing a controlled substance makes a noncitizen deportable.  See 8 U.S.C. § 1227(a)(2)(A)(iii).  See also 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2); 21 U.S.C. § 841(a)(1).

time" to vacate plea based on failure to properly advise of required immigration risks). The motion judge (who was not the plea judge) denied the motion after a nonevidentiary hearing, reasoning that the defendant did not actually face the prospect of deportation. The defendant appealed, and we granted his application for direct appellate review.

Discussion. Pursuant to G. L. c. 278, § 29D, to withdraw an admission to sufficient facts based on an inadequate immigration warning, a defendant must establish both that he "was not verbally warned about [the] particular adverse consequence [to which he was exposed] . . . as required by" § 29D, and that he "actually faces the prospect of [that adverse consequence] occurring as a result of the challenged plea" (quotation and citation omitted). Petit-Homme, 482 Mass. at 784. The defendant has met both requirements.

1. Sufficiency of warning. Although the plea judge advised the defendant that a conviction could have immigration consequences, the judge failed to inform him that an admission to sufficient facts also could have immigration consequences. That is, the defendant was not warned of the potential consequences relevant to him. See Villalobos, 437 Mass. at 802 (mention only of immigration consequences upon conviction "at least impl[ies] that a disposition short of 'conviction' . . . does not carry similar consequences").

The Commonwealth concedes that the defendant did not receive the correct § 29D warning but nevertheless contends that the additional rule (b) warning remedied the defect.  We disagree.  Indeed, that argument is squarely foreclosed by our holding in Petit-Homme, 482 Mass. at 787.  There, we held that although both warnings provided some notice to noncitizen defendants, the two were not interchangeable.  See id. at 785, 787 ("the rule [b] warning . . . was intended to be given in addition to the statutory [§ 29D] warning," which is less "technical, legalistic, and complex").  We reiterate that a then-adequate rule (b) warning is not a substitute for the statutorily required § 29D warning.  See id. at 787.  Thus, the defendant was not properly warned as required by the statute. Id. at 784.

2.  Actual prospect of deportation.  Moreover, the defendant has demonstrated that he "actually faces the prospect of" deportation.  See Commonwealth v. Berthold, 441 Mass. 183, 185 (2004).  A defendant may establish the actual prospect of deportation by showing either "that the Federal government has taken some step toward deporting him or that its express written policy calls for the initiation of deportation proceedings against him."  Commonwealth v. Grannum, 457 Mass. 128, 136 (2010).

The defendant met that requirement by showing that the Federal government initiated deportation proceedings against him because of his admissions to sufficient facts in this matter. Although the immigration proceeding was later dismissed due to a technical defect in the defendant's notice to appear, it was dismissed without prejudice. Thus, the United States has "taken some step toward deporting" the defendant based on his plea and could reinitiate deportation proceedings at a future time. Grannum, 457 Mass. at 136 & n.14 (to be entitled to relief, one "need not wait until a deportation proceeding has actually commenced"). Under those circumstances, the defendant meets the criteria under G. L. c. 278, § 29D, to vacate his plea.[5] See Berthold, 441 Mass. at 185.

---

[5] In January 2025, the President of the United States issued Executive Order No. 14159, "Protecting the American People Against Invasion." The order states, among other things, that "[i]t is the policy of the United States to faithfully execute the immigration laws against all inadmissible and removable aliens, particularly those aliens who threaten the safety or security of the American people." The defendant contends that under § 29D, this executive order is an "express written policy call[ing] for the initiation of deportation proceedings against him." Grannum, 457 Mass. at 136. The Commonwealth, in contrast, maintains that an explicit enforcement policy applying generally to every person who could be deported does not make the defendant's risk of deportation "more than a hypothetical" one because of the resource constraints the government faces. Berthold, 441 Mass. at 185. We need not resolve this question, as we conclude that the United States has taken a step toward deporting the defendant by initiating deportation proceedings against him. See Grannum, supra.

Conclusion.  The order denying the defendant's motion to withdraw his admissions to sufficient facts is reversed, and the matter is remanded to the District Court for further proceedings consistent with this opinion.

So ordered.